Daniel, J.
 

 The plaintiffs were by charter, an aggregate corporation of ten trustees. It was incorporated in the year 1820 by the legislature: and immediately thereafter, it was organized and acted, as a corporation., The defendant proved, that all. but one of the original ten cor-porators had either died or removed away, and he insisted that the plaintiffs could not recover, because a continuance of the corporation had not been shown. He insisted, that the places of the original nine trustees, who had since died or moved away, should be by the plaintiffs, proved to have been regularly filled up according to the provisions of the charter. And that it was not sufficient to show, that persons, calling themselves trustees, acted as such; but that the plaintiffs ought to shew, upon the trial, a regular and unbroken succession of trustees, from the year 1820, according to the provisions of the charter. The Court instructed the jury upon this point of the defence, that if they were satisfied that there Were persons acting as trustees of the academy, and exercising corporate franchises under the act of incorporation, at the time the writ was brought, then their only enquiry would be for' whom the globes were bought — for the trustees or the defendant. We think, that this part of the charge of his Honor was correct. In the case of the
 
 Tar River Navigation Company
 
 v.
 
 Niel,
 
 3 Hawks 537, the Court said, that, when it is shewn that a charter has been granted, then those in possession, and actually exercising the corporate rights, shall, be considered as rightfully there, against wrong doers and all those who have treated or a,cted with them in their corporate character. The sove
 
 *480
 
 reign alone lias a right to complain, for, if it is an usurpation, it is upon the rights of the sovereign, and his acqui- \ esconce is evidence that all things have been rightfully '.performed. The defendant then insisted, that the globes were purchased for him as a teacher, and not for the academy; and he examined several witnesses on this point of his defence; and, in aid of their testimony, he offered in evidence a paper writing, signed by several individuals, stating, that they were subscribers for the purchase of the globes, and that they now desired that the defendant should have them. This.evidence was rejected by the Court. And we think it ought to have been rejected, for the bare wishes of the subscribers upon the subject, at the present time, could neither give or take away the title to the property. The paper writing was therefore immaterial and'irrelevant to the issue then under consideration. The judgment must be affirmed.
 

 Tes Curiam. Judgment affirmed.