S. H. BOYD, Guardian, v. E. M. REDD, Administrator of A. J. Boyd, and the BANK OF REIDSVILLE.

*Statute, Construction of—Banks and Banking—Lien on Stock of Debtor Stockholder—Failure of Bank to Organize Within Two Years from Date of Charter—Corporation—Quo Warranto.*

1. A statute which gives to a bank a lien on the stock of a stockholder indebted to it is in derogation of common right, and must be strictly construed to the purposes of its enactment.

2. The lien given to a bank by its charter upon the stock of a stockholder indebted to it extends only to indebtedness incurred directly by such stockholder to the bank and not to his indebtedness to a third person acquired by the bank.

3. Such lien is not extended to notes of a stockholder to a third person, taken by the bank as collateral from such person, merely by the fact that the stockholder was at the time president of the bank.

4. The fact that a bank failed to organize within two years after it was chartered (Section 688 of *The Code*) cannot affect the validity of whatever lien the bank may, by its charter, have on shares of stock of a stockholder indebted to it. Such defect in the organization of the bank can be taken advantage of only by a direct proceeding by the State for the purpose.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at November, 1896, Term of ROCKINGHAM Superior Court. The nature of the action and the facts appear in the opinion of

the court.    His Honor, at the trial, held that the Bank of
Reidsville, under and by virtue of its charter, had a lien
upon the stock of A. J. Boyd—both upon the 40 shares
deposited with S. H. Boyd, guardian, and upon the 37
shares now in the hands of the bank, not only for the
direct debts due by A. J. Boyd to the bank, but also for
the notes of A. J. Boyd to the Hermitage Cotton Mills,
deposited by the said Cotton Mills as collateral for its debt
to the bank.    Under the instructions of his Honor, the
jury found the issues in favor of the defendant bank of
Reidsville, and from the judgment thereon the plaintiff
appealed.

*Mr. J. T. Pannill,* for plaintiff (appellant).
*Messrs. J. T. Morehead* and *Johnston & Johnston,* for
defendant.

CLARK, J.: "It is clear that at common law a corpora-
tion has no lien upon the shares of its stockholders for
debts due from them to the company.    The policy of the
common law has always been to discountenance secret
liens, inasmuch as they hinder trade, and restrict the safe
and speedy transfer of property."    Cook on Stocks, Sec.
520; 2 Thompson Corp., Sec. 2317; 2 Waterman Corp.,
227; *Heartt* v. *Bank,* 17 N. C., 111.    The Statute in such
cases being in derogation of common right, must be strictly
construed to the purposes of its enactment.    That purpose
is thus clearly stated in *Bank* v. *Smalley,* 2 Cowen, 770:
"This clause in bank charters is intended merely for the
protection of the bank, *i. e.,* to give them a lien on the
stockholder for what he owes the bank."    It is conceded
that for any indebtedness a stockholder incurs to a bank
directly, whether as principal or surety, his stock in bank
is collateral security by virtue of the terms of such char-

ters.   The stockholder knows that fact when he makes the
bank his creditor.   By such voluntary act he gives the
lien and waives his constitutional right to a personal prop-
erty exemption.   As to the direct indebtedness of A. J.
Boyd to the bank, it holds 37 shares of his stock, which is
admittedly sufficient to pay that indebtedness.   A. J.
Boyd, however, executed the note to the plaintiff as guar-
dian on the 4th of August, 1893, which is the subject of
this action, and to secure the same, deposited with him
40 other shares of stock of the bank as collateral.   In
April, 1893, A. J. Boyd had executed his two notes, ag-
gregating $7,300, to the Hermitage Cotton Mills, which
notes, together with many others, were deposited in June,
1893 (being endorsed in blank), by said Cotton Mills with
the bank (of which said A. J. Boyd was president) as col-
lateral to secure an indebtedness of the Cotton Mills to the
bank.

The question is, whether as to this indirect indebtedness
of A. J. Boyd to the bank, by reason of its taking his paper
to another party, it acquires a lien upon the 40 shares of
stock and thereby renders worthless his deposit of the stock
with the plaintiff as collateral.   When the stockholder, as
we have said, makes the bank his creditor, knowing the
Statute, he voluntarily assents to the stock being impounded
and waives his personal property exemption.   But he can-
not be thus taken as giving a lien on his stock and waiving
his constitutional exemption when he executes a bond, or
contracts a debt, to other parties, and the fact that such
other party transfers the indebtedness of the stockholder,
either by sale or as a collateral to the bank, cannot have
the effect of giving to the indebtedness a security it did
not have when it was created, nor can it waive *in invitum*
the personal property exemption which the debtor did not
do, and had no intention of doing, when the contract or in-

120—43

BOYD v. REDD.

debtedness was made. Besides, the funds of the bank are a trust fund for all the stockholders, and if it is admissible to use that common fund for buying up negotiable paper or other indebtedness of a stockholder to third parties, and immediately securing it against his intention by the shares of such stockholder and depriving him of his personal property exemption, it would become easier for the managers of any corporation to "freeze out" any stockholder they may wish.

Our conclusion is that, upon a reasonable construction, the statutory lien on stock is intended only to secure the direct indebtedness which the stockholder creates with the corporation, either as principal or surety, and not any involuntary indebtedness to it caused by the purchase of his liabilities incurred to third parties. *White's Bank* v. *Toledo*, 12 Ohio St., 601; *Bank* v. *Smalley, supra;* Cook on Stocks, Sec., 529; 2 Beach Corp., Sec. 645; *Cross* v. *Bank*, 1 R. I., 39.

This being the construction of the effect of the statutory lien conferred by such provisions in a charter, it has no significance and is purely incidental, that, when the notes of the stockholder Boyd to a third party were deposited with the bank as collaterals, Boyd himself was president of the bank. The lien is statutory, and not conferred by an estoppel; and Boyd as president, when the bank took by assignment his indebtedness to a third party, must have understood it as being taken like any other stockholder's paper thus bought in, and that there was no statutory lien attached to it.

We concur with his Honor that there was no impairment of whatever lien was conferred by the charter by the delay of the bank to organize till after the statutory period of two years had elapsed. *Code*, Sec. 688. A defect of that kind cannot be taken advantage of in this collateral way.

The sovereign is the proper party to set it up, and by a direct proceeding.   *Navigation Co.* v. *Neal*, 10 N. C., 520; *Elizabeth City Academy* v. *Lindsey*, 28 N. C., 476; *Asheville Division No. 15* v. *Aston*, 92 N. C., 578.

But for the misdirection to the jury there must be a new trial.

New Trial.