THE BANK OF HOLLISTER v. A. B. SCHLICHTER AND FOSBURG LUMBER COMPANY.

(Filed 10 March, 1926.)

**1. Corporations—Shares of Stock—Liens.**

A corporation has no lien upon its stock or dividends declared thereon for a debt due by its shareholder.

**2. Corporations—Shares of Stock—Registered Shareholders—Dividends —Management.**

The stipulations on a certificate of stock issued by a corporation that the certificate is transferable only on the books of the corporation by the holder thereof, in person or by attorney, upon the surrender of this certificate properly endorsed, is for the protection of the company, which it may waive at its pleasure, in paying dividends to its shareholders thus appearing of record, and with reference to its management as a corporate entity.

**3. Corporations—Pledges of Shares of Stock—Transfer of Shares on Corporation Books—Endorsement in Blank—Actions.**

Where the registered holder of a certificate of shares of stock in a corporation containing the condition that it is transferable only on the

books of the corporation, endorses it in blank, and pledges it as collateral security to a note he has given to a third person, such transferee may maintain its action to compel the corporation to transfer the certificates on its books to him, to avail himself of the security under its terms.

**4. Corporations—Receivers—Liquidation—Transfer of Shares in Blank—Dividends.**

Where a corporation in liquidation has through its receiver paid dividends upon its stock to a shareholder appearing upon the books of the company, without notice that such holder has endorsed in blank the shares as collateral security to a note he has given to a third person, the corporation is not liable to such transferee for the dividends it has paid the registered holder of the shares, but only for such dividends as it has continued to pay after notice, under the provisions appearing on the face of its certificate, requiring that a transfer of the shares must be made on its own books, etc.

APPEAL by plaintiff from *Lyon, J.,* at October Special Term, 1925, of HALIFAX.    Affirmed.

The parties to this action submitted to the court an agreed statement of facts.    It was agreed:

"1. That on or about 6 November, 1920, A. B. Schlichter deposited with the Bank of Hollister, a banking corporation under the laws of North Carolina, now in the hands of C. W. Cope and W. R. Vaughn, as receivers, 20 shares of stock of Fosburg Lumber Company, a Virginia corporation, as collateral security for the payment of a note of that date for $2,000; and on 10 October, 1920, said Schlichter deposited with said bank 30 additional shares of said stock as collateral security for the payment of another note for $2,000.    All of said stock, at the time it was so deposited stood on the books of the Fosburg Lumber Company in the name of said Schlichter, and has continued to so stand until this time.    Said two notes have not been paid.

"2. That the Fosburg Lumber Company had no notice of the fact that said stock, or any part of it, had been deposited with the Bank of Hollister as aforesaid, and until 3 October, 1923.

"3. That the said Fosburg Lumber Company, being in liquidation, declared liquidating dividends on the said stock as follows: 8% or $400 on 1 May, 1920; 5% or $250 on 1 June, 1921; and 2% or $100 on 1 February, 1922; which amounts were respectively on said dates credited on the account of said Schlichter on the books of said company.

"4. That the statement filed as Exhibit 'A' with the original answer of the Fosburg Lumber Company is a true and correct statement of the account of said Schlichter and so appears on the books of the company.

"5. That the Fosburg Lumber Company commenced to liquidate its affairs on 20 January, 1920."

The first two items in the statement of account, referred to as Exhibit "A" are dated 1 May, 1920, and 1 June, 1921, and are the amounts of

23—191

the dividend declared on said dates, to wit, $400, and $250 respectively; these items appear as credits; the next two items are each dated 18 August, 1921, and are for $44.83, and $1,500 respectively; these items appear as debits; the last item is dated 1 February, 1922, and is a credit for $100, for 2% dividend of that date; the total of the debit items is $1,546.83; the total of the credit items is $1,696.16; the balance due Schlichter by the company is $149.33 for which amount judgment was tendered when the action was brought on 3 October, 1923. The certificates of stock issued by Fosburg Lumber Company to A. B. Schlichter, contain the following words upon the face of the certificate: "This certifies that A. B. Schlichter is the owner of ........ shares of one hundred dollars each of the capital stock of the Fosburg Lumber Company, transferable only on the books of the corporation by the holder thereof in person, or by attorney, upon surrender of this certificate properly endorsed." The certificates were endorsed by A. B. Schlichter in blank.

Upon the foregoing agreed statement of facts, supplemented by an inspection of the certificates of stock, it was adjudged that plaintiff recover of Fosburg Lumber Company the sum of $149.33, with interest from 3 October, 1923. From this judgment plaintiff appealed.

*Daniel & Daniel, E. L. Travis and Garland B. Daniel for plaintiff.*
*James Mann and Spruill & Spruill for defendant.*

CONNOR, J. Plaintiff by this appeal presents this question: Is a corporation, which has outstanding a certificate of stock, issued to a stockholder named therein, and bearing on its face the statement that the certificate is "transferable only on the books of the corporation by the holder thereof, in person or by attorney, upon the surrender of this certificate properly endorsed" liable to a third person, who is the holder of the certificate, endorsed in blank, but not transferred on the books of the corporation, as collateral security, for dividends apportioned to the stock, during the liquidation of the corporation begun prior to the pledge of the certificate, and paid to the stockholder, prior to notice to the corporation of the transfer of the certificate to the creditor? Defendant does not resist plaintiff's right to recover in this action upon the contention that the corporation has a lien on the stock or on the sums apportioned as dividends for the indebtedness of the stockholder to it; *Boyd v. Redd,* 120 N. C., 335, and other authorities cited by plaintiff's counsel in their brief to sustain the proposition that a corporation has no lien upon the shares of its stockholders for debts due by them to the corporation have no application to the question involved in this appeal.

In *Havens v. Bank,* 132 N. C., 214, it was held that the bank was liable to the pledgee of a certificate of stock, fraudulently issued to himself by the cashier of the bank, and by him pledged to plaintiff as col-

lateral security for the cashier's note, upon the principle that the bank was liable for the fraudulent act of its agent, made possible in that case by the negligence of the bank. The transfer of the certificate, endorsed in blank was held to pass the entire title, legal and equitable, in the shares, notwithstanding that by the terms of the charter and by-laws of the corporation the stock is declared to be transferable only on its books; that such provisions are intended solely for the protection of the corporation, and can be waived or asserted at its pleasure, and that no effect is given to them except for the protection of the corporation; the holder of the certificate, by omitting to cause the same to be transferred on the books of the corporation, may lose his stock by a fraudulent transfer on the books of the company, by the registered holder to a bona fide purchaser. He also takes the risk of collection of dividends by his assignor, who remains a stockholder of record.

In *Bank v. Dew,* 175 N. C., 79, the right of plaintiff which had received the stock in pledge as security for its debt, in good faith, and for value, and without notice of the company's rights or equities, to recover was sustained upon the doctrine of equitable estoppel, it being held that plaintiff acquired a good title to the stock as against the company, notwithstanding that the stock had not been transferred to plaintiff on the books of the company. The rights or equities relied upon by the company existed at the date of the pledge of the stock; plaintiff had no notice of these rights or equities. The action was to compel the company to transfer the stock on its books to plaintiff. It was held that plaintiff was entitled to the relief demanded. In this action, plaintiff is not demanding that the certificates be transferred to it, on the books of the defendant corporation. It would doubtless be entitled to this relief, and upon such transfer, it would be entitled to all dividends, apportioned during liquidation, to the stock and not paid prior to such transfer, as well as to all dividends, thereafter apportioned, for its title to the stock, good as against its assignor from the date of the transfer of the certificate, would be good as against the corporation from the date of the transfer on its books. The right of the corporation to plead debts due to it by the original stockholder, incurred either before or after the transfer on its books, as set-offs or counterclaims to the demand of the transferee for such dividends is not presented upon the facts agreed in this case.

In *Bleakley v. Candler,* 169 N. C., 16, *Justice Allen* says that "the weight of authority is in favor of the position that the purpose of the statute requiring a transfer upon the books of the corporation is to prevent fraudulent transfers and to protect the corporation in determining the questions of membership, the right to vote, the right to participate in the management of the corporation, and the payment of dividends." The Fosburg Lumber Company is a Virginia corporation.

The principles enacted as statutes in C. S., 1164, that shares of stock in corporations organized under the laws of this State are transferable on the books of the corporation, and in C. S., 1170, that the books of the corporation shall be the only evidence as to who are the stockholders entitled to examine them and to vote at elections are applicable by reason of the provision on the face of the certificates issued to A. B. Schlichter, notwithstanding that the Fosburg Lumber Company is not a North Carolina corporation.

The general rule with respect to a dividend declared from the profits of a corporation, that the corporation must pay such dividends to the person in whose name the stock stands, registered upon the corporate stock book, at the time the dividend is declared, and that such payment may be made without requiring the production of the certificate issued for such stock, is applicable to the payment of dividends apportioned out of the assets of the corporation upon its liquidation. Cook on Corporations, vol. 2, sec. 538 and cases cited. 14 C. J., 819, note 41, 14 C. J., a. 1197. The dividends which are the subject-matter of this action were credited to the account of A. B. Schlichter, who was, at the time they were apportioned, as apeared upon the books of the company, the owner of the stock to which they were so apportioned; the said account was subsequently debited by amounts due by Schlichter to the Fosburg Lumber Company, prior to notice to said company that plaintiff held the certificates for said stock, endorsed in blank, by Schlichter. This was in effect a payment by the Fosburg Lumber Company to Schlichter, the stockholder of record, of the dividends prior to notice of the transfer of the certificates to plaintiff. The Fosburg Lumber Company cannot be held liable to plaintiff on account of the dividends thus apportioned and so paid without notice of the claims of plaintiff. It is liable only for such portion of the dividends as had not been paid, at date of notice that plaintiff was the holder of the certificate, transferred by A. B. Schlichter.

There is no error in the judgment. It is

Affirmed.