Louis F. Wojcik was the owner of 50 shares of stock in the Bank of Michigan, which on or about the first day of May, 1930, was merged *Page 2 
with the Peoples Wayne County Bank, appellee. Wojcik thus became a stockholder in appellee bank, though he did not present his certificate of stock for exchange into a new one in appellee bank.
In order to finance a number of banks he owned in the city of Detroit, Wojcik had borrowed approximately $100,000 from the American State Bank on collateral with a market value less than the amount of his loans. He bad deposited the certificate for 50 shares of stock in the Bank of Michigan with the American State Bank solely for safe-keeping. This was a bailment and no claim is made that the American State Bank obtained any lien on the stock. On or about July 18, 1930, a time subsequent to the deposit of the stock for safe-keeping, Wojcik made a common-law assignment for the benefit of his creditors to the Union Guardian Trust Company as assignee.
In the spring of 1931, a very serious banking situation had arisen in Detroit owing to the financial embarrassment of the American State Bank. In order to avert a serious disturbance that might seriously affect other banks in Detroit, the Peoples Wayne County Bank, on March 30, 1931, took over the assets of the American State Bank and assumed its liabilities. It thus became a creditor of Wojcik in the course of its business. There was no design, purpose, or fraudulent attempt to subject Wojcik's stock to the statutory lien, that caused the Peoples Wayne County Bank to become the owner of the indebtedness due from Wojcik notwithstanding the fact that, at the time of the purchase, he was a registered stockholder on the books of the bank, and as far as its records showed, entitled to a certificate of its stock, on surrender of the old certificate for the 50 shares of stock in the Bank of Michigan. *Page 3 
Although an agreement of indemnity was given the Peoples Wayne County Bank by other Detroit banks to secure it against a certain proportion of the loss that might be suffered through purchase of the assets and the assumption of the liabilities of the American State Bank, nevertheless the Peoples Wayne County Bank became the sole owner of the Wojcik obligations.
On June 6, 1931, over 10 months after Wojcik's assignment, the Union Guardian Trust Company, as common-law assignee, demanded a return of the 50 shares of Bank of Michigan stock from the Peoples Wayne County Bank, which had secured possession of the certificate upon taking over the assets of the American State Bank. The Peoples Wayne County Bank refused to accede to the demand, on the ground that, in the purchase of the assets of the American State Bank, it had properly become the owner of the Wojcik indebtedness, that Wojcik was the registered holder of stock in its bank, and that it had a statutory lien on the stock for the payment of the indebtedness. On application, in the assignment proceedings by the Union Guardian Trust Company, as assignee of Louis F. Wojcik, the circuit judge properly refused to order the Peoples Wayne County Bank to turn over the stock to the assignee.
The sole question presented on appeal is whether the statutory lien of the bank on the stock of its stockholders applies to Wojcik's indebtedness when acquired in the manner hereinbefore stated. 3 Comp. Laws 1929, § 11906, provides:
"No transfer of stock shall be valid against a bank so long as the registered holder thereof shall be liable as principal debtor, surety or otherwise * * * for any debt which shall be due and unpaid." *Page 4 
The statute was construed in the case of Citizens' State Bankof Monroeville v. Kalamazoo County Bank, 111 Mich. 313, where, in holding that the word "otherwise" in the statute was sufficiently broad so as to subject to a bank's lien the stock belonging to a member of a firm, although the bank only held the firm's obligation, it was said:
"The contention that the registered holders are members of a copartnership, and that the indebtedness is due from such copartnership, and not from the holders of the stock individually, has no force, as we must give some meaning to the term 'or otherwise.' The statute is plain, and covers all indebtedness, whether as principal debtor, surety, or otherwise. The rule under such statutes, where a lien is created, is that the lien is a general one, and secures all debts due from stockholders or firms of which they are members, even when the debts grow out of transactions not connected with their shares, and though the stockholders are but sureties for debts, and though they are created after the transfer without notice to the corporation. 23 Am. Eng. Enc. Law (1st Ed.), p. 693. This doctrine is fully supported. So we say of this statute it is broad enough to cover the indebtedness here claimed. We are of the opinion that it was the intent of the legislature in the passage of this statute to create a lien upon the registered stock for all such debts; that when the debt matured and remained unpaid, and the stock remained in the name of the registered holder upon the books of the bank, he could not, and a third party could not, compel the transfer of the stock upon the books of the bank, until the lien was paid and discharged. This question was substantially disposed of inMichigan Trust Co. v. State Bank of Michigan, 111 Mich. 306.
"It is not necessary to decide in this case whether a lien was created upon the stock when the debt to *Page 5 
the bank arose; and we only hold that it became a lien when the indebtedness matured and remained unpaid; that at that time it became and was a prior lien over any lien acquired by a third party by transfer of the stock prior to that time. The party taking a transfer of bank stock must be held to know that it is subject to any debt at the bank where the stock is registered, and that, when that debt matures, the bank has the right to enforce that lien. National Bank v. Watsontown Bank,105 U.S. 217; 1 Cook, Stock and Stockholders, § 530. We need go no further in the present case upon the facts proved."
The act is a salutary one to safeguard the interest of the depositors as well as that of the bank. In providing that the bank's lien shall extend not only to direct and indirect obligations of the stockholder, but also to those that he might owe "otherwise," it subjects all indebtedness due from the stockholder to the lien on the stock. Appellant claims that the construction put upon the statute by the trial court would enable a bank to purchase debts of a stockholder, that might be otherwise uncollectible, for less than their face value, and then subject them to the bank's lien. We shall postpone a discussion of such a situation until it arises, if it ever does. The Peoples Wayne County Bank became a creditor of Wojcik in an absolutely legal and proper manner, and it had a right to subject the stock that stood in his name to the payment of the indebtedness. The case of Boyd v. Redd, 120 N.C. 335
(27 S.E. 35, 58 Am. St. Rep. 792), and that of First National Bank ofElizabeth City v. Scott, 123 N.C. 538 (31 S.E. 819), relied upon by appellant, are not pertinent. They refer to a statute, which is not as broad as section 11906, supra, and *Page 6 
only imposes the lien for the direct or indirect obligation of the stockholder.
The order of the lower court is affirmed, but without costs, as the interpretation of a statute is involved.
CLARK, C.J., and McDONALD, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. FEAD, J., did not sit.