GEORGE D. WITT SHOE COMPANY ET AL. v. J. L. PEACOCK AND R. W. FULLER.

(Filed 29 April, 1909.)

1. Writing—Notes—Construction—Entire Instrument.
    When there is no repugnancy in the expression of the various parts of a written instrument the court will so construe it as to give effect to every part.

2. Notes—Guarantor—Surety—Liability Enlarged—Construction.
    The liability of a grantor or surety cannot be enlarged by construction.

3. Same.
    P. and F. gave a note to R., reading, "We promise to pay to R. the sum of $1,000, to be applied to the payment of all claims for collection R. had against P., and to all such others as he may receive for that purpose, until the full amount is paid." It was stipulated therein that its purpose was to secure and guarantee said claims to the extent and in the sum specified. R., having claims to the amount of $1,800, received from P. the sum of $647, with instructions from him to prorate that sum on the amount of claims held: *Held*, under the terms of the guarantee, such would enlarge the liability of the guarantor, and the sum so received should have been applied to the reduction of the guaranty.

ACTION tried before *Jones, J.,* and a jury, at February Term, 1909, of DAVIDSON.

Plaintiff company sues upon the following instrument:

"$1,000.                              December 7, 1907.

"Sixty days after date, we, or either of us, promise to pay to Emery E. Raper, attorney, or order, the sum of one thousand dollars, for value received, which money, when received by him,

150—35

to be applied to the payment of all claims he has now in his hands for collection against the said J. L. Peacock and to such others as he may receive for collection, until the full amount is applied. This note executed for the purpose of securing and guaranteeing the payment of the said claims to the extent of one thousand dollars.

"Said claims now in hand are as follows:...................

> "J. L. PEACOCK. [Seal.]
> "R. W. FULLER. [Seal.]"

A list of the claims is attached, aggregating $896.

Defendant R. W. Fuller admitted the execution of the obligation, and by way of defense alleged that he has never been indebted to the plaintiffs in any sum whatever, except as surety on an obligation in the amount of $1,000, guaranteeing the payment of $1,000 to plaintiffs and other creditors of J. L. Peacock; that he is informed and believes that since the execution of said obligation as surety, aforesaid, the said Emery E. Raper has received other claims for collection than those mentioned and set out in the. complaint, and that he has received moneys from J. L. Peacock and his agents, to be applied to said accounts and the accounts mentioned in the complaint, to more than a sufficient amount to relieve this defendant from any obligation or responsibility as surety aforesaid. It was in evidence that other claims against Peacock were placed in the hands of Mr. Raper for collection, amounting to $1,016.87, aggregating about $1,800. Peacock paid $50 on the note, which was duly credited.

The following is the only evidence introduced: "About 10 February, 1908, J. L. Peacock sold to Z. I. Walser and Emery E. Raper his equity of redemption in his home, there being mortgages on same, and on account of the price of this lot the sum of $647.50 was paid·on the claims in the hands of Emery E. Raper, which amount was, by express agreement of J. L. Peacock, applied to all the creditors, *pro rata,* on their claims of $1,816.33, the creditors being those set out in the complaint. After 10 February, 1908, other claims were placed with Emery E. Raper, but nothing has been collected on them and no claim is made for them."

The following issue was submitted to the jury: "What amount has been paid on said note of $1,000 by J. L. Peacock and R. W. Fuller, or others, since the execution of the note, 7 December, 1907?"   The court instructed the jury that if they believed the evidence to answer the issue "$730.50"; that there should not only be included in the amount paid the $50 admitted, but also the further amount paid by Peacock, the $647.50.   Plaintiff excepted to the charge on the issue as to the item of $647.50. There was an item of $33 credited on the note, not necessary to be noted.   Judgment was rendered for $270.   Plaintiff appealed.

*E. E. Raper* and *Walser & Walser* for plaintiff.
*J. A. Spence* and *H. M. Robins* for defendant.

CONNOR, J., after stating the case: The sole question presented by plaintiff's exception is whether the $647.50 received by Mr. Raper shall be applied to the obligation of defendant Fuller in reduction of his liability for $1,000, the amount of the bond.   Plaintiff insists that Peacock had the right to apply the $647.50 to the payment, *pro rata,* of all of the debts against him in the hands of Raper for collection, including those received subsequent to the execution of the bond.   Applied in this way to the total amount of the debts, $1,816, there remains due on them $1,181.81, for which, to the extent of $1,000, plaintiff insists, defendant Fuller is still liable.   The obligatory words of the bond, "promise to pay," are explained by the last clause, "This note is executed for the purpose of securing and guaranteeing the payment," etc.   The obligation, therefore, assumed by Fuller is to secure and guarantee the payment by Peacock of $1,000, "which money, when received by Raper, to be applied to the payment of all claims he has now in his hands for collection against the said J. L. Peacock, and to such others as he may receive for collection, until the full amount is applied." It is evident that the words "full amount" refer to the claims then in Mr. Raper's hands and such others as he might receive for collection.   Thus Fuller's liability is expressly restricted to $1,000, and the guarantee is, by the last words of the note, limited to "the payment of the claims to the extent of $1,000." It was immaterial to Fuller what amount of claims came into

Raper's hands for collection subsequent to the execution of the bond. This was doubtless uncertain. The evident meaning of the language is that Fuller guaranteed that Peacock would pay on all of the claims against him in Raper's hands so much as $1,000, and that, when paid or "received by him," it was to be applied to such claims. When, therefore, the $647.50 was paid by Peacock, his express agreement that it should be applied, *pro rata,* to all of the claims had no other effect than to comply with the terms of his bond. He could not change or enlarge Fuller's liability. If the payment be applied, as contended for by plaintiff, Peacock could impose upon Fuller the obligation to pay the full amount of the bond, disregarding the express provision that the money, "when received," should be applied to the debts until the full amount is applied. In other words, Peacock may have paid the whole amount for which Fuller was liable, and yet leave him liable for the balance of his indebtedness to the extent of one thousand dollars. This would do violence to the language and evident purpose of the parties when the bond was executed. It is an elementary rule of interpretation that where there is no repugnancy every part of an instrument must be given effect. It is also well settled that the liability of a guarantor or surety is not to be enlarged by construction. His obligation is to be fixed by the language of his bond and not carried beyond its terms. It is *strictissimi juris.* No question of the right of the debtor to make such application of a payment by him from his general funds, as he wishes, is presented in this appeal. It was a matter of no concern with Fuller how the $647.50 was applied as between the creditors of Peacock. His right, under the terms of his contract, was to have it applied to the reduction of his guaranty. We concur with his Honor in the instruction given the jury. There is

No Error.