BONEY & HARPER MILLING COMPANY v. J. C. STEVENSON COMPANY.

(Filed 19 March, 1913.)

1. **Pledgor and Pledgee—Pledge—Requisites—Possession.**

   For the pledge of personal property as security to the payment of a note to be effectual, it is necessary that the actual or implied possession be given to the pledgee.

2. **Same—Commingling of Goods—Mortgages.**

   Where a written pledge of merchandise is given by a merchant for the payment of a note. and the pledgor retains the goods in his own warehouse, selling part of them from time to time and substituting like articles which have no distinctive marks of identification, it is not a sufficient segregation, and the property thus commingled cannot be sold by the pledgor in payment of the obligation, whether the written instrument be regarded as a mere pledge or a chattel mortgage.

3. **Notes—Pledges—Collateral—Other Indebtedness.**

   A provision in a note that the collateral therewith deposited may be held by the bank to secure other indebtedness of the maker to the bank, due or to become due, is valid.

4. **Notes—Pledges—Collaterals—Corporations—Receivers—Distribution of Assets—Unsecured Creditors.**

   Collateral deposited with a note given a bank by a corporation subsequently becoming insolvent and in a receiver's hands may be held by the bank until the note is paid, or sold by the

bank, and the proceeds, if more than sufficient, should be paid over to the receiver; and the bank is then entitled to prorate with the other unsecured creditors of the corporation.

APPEAL by Home Savings Bank from *Carter, J.,* at January Term, 1913, of NEW HANOVER.

*Davis & Davis, Rountree & Carr, and K. O. Burgwyn for Receiver.*

*J. W. Little for Home Savings Bank.*

CLARK, C. J. This is a creditor's bill in which T. W. Davis, Esq., was appointed receiver. The court approved the report and findings of the receiver, and there are two exceptions to the judgment of the court:

1. The Home Savings Bank held the Stevenson Company's note as follows:

WILMINGTON, N. C., 15 November, 1912.

We hereby assign to the Home Savings Bank as collateral for a loan of one thousand (1,000) dollars, due 14 January, 1913, 750 cases No. 3 Standard Tomatoes, branded, some "Pride of Virginia" and some "Russell," paid for and stored in our warehouse at No. 11 Water Street, or should sale of said tomatoes be made, the proceeds from the sale to be placed to the credit of note given the above mentioned bank for amount mentioned, with date of maturity expressed.

J. C. STEVENSON COMPANY,
*Per* JAS. M. STEVENSON.

The court approved the finding of the receiver that by verbal agreement between the Stevenson Company and the bank some of the goods mentioned in the pledge had been sold and the money used by the Stevenson Company and other goods substituted. And further, that there were no marks to identify any of the goods except a regular trade name or brand, and nothing to put creditors upon notice of said pledge, and that the goods were put in two piles in the store of the Stevenson Company, alongside of other goods piled in like manner; that the pledge was made in good faith, but that the bank never had the actual possession of the goods, which were at all times stored in the

warehouse of the Stevenson Company. The judge found as additional facts that the goods so pledged were recognized at all times by both parties as pledged to the bank, and that there was an understanding between them that the goods could not be removed from the store of Stevenson Company without the bank's consent, except as permitted by the contract, and upon these findings of fact the court held that the pledge was invalid.

The finding of his Honor was correct, both because there was no delivery of the pledged property to the bank to be held by it as security, for "delivery is the essence of a pledge," says *Pearson, C. J. (Owens v. Kinsey,* 52 N. C., 246), and because the goods were intermingled with other goods and had no identifying marks upon them by which they could be distinguished from other goods of like nature belonging to the Stevenson Company.

It is true that as between the parties thereto a mortgage is good without registration. But the interesting question, whether when a receiver takes possession of property he holds it in like condition as the party himself, or whether he holds it as representative of the creditors, is not presented. But here there was no mortgage given, and this was not a sufficient segregation and identification of the property. Even if there had been a mortgage, it would have been invalid, as in *Blakely v. Patrick,* 67 N. C., 40, where a buggy maker executed a mortgage on ten new buggies without delivery of the possession, he having more than ten buggies on hand. In *McDaniel v. Allen,* 99 N. C., 135, where there was a release of three bales of cotton which were embraced in an agricultural lien, the Court held that no specific three bales of cotton having been identified, claim and delivery would not lie for the same.

2. The second assignment of error was upon the following ground: The Stevenson Company executed a note to the Home Savings Bank for $500, on the face of which, in pledging certain collaterals to secure payment thereof, there appear these words: "To secure the payment of this or any other obligation to said bank, due or to become due, we hereby pledge said bank or its assigns, holders of the same, the collaterals described on back, or herein inclosed." The bank held other indebtedness of the Stevenson Company besides this $500 note, to secure the

payment of such other indebtedness. This point was fully discussed by *Walker, J.,* in *Norfleet v. Insurance Co.,* 160 N. C., 327, and we need not repeat what was so well said there and which is sustained by the authorities cited in that case, that the collaterals can be held for any other indebtedness.

The receiver is not entitled to any securities in the hands of the appellant, the Home Savings Bank, until the bank has received full payment of its claims for $1,750 filed with the receiver. The bank is entitled to prorate with other creditors on the basis of $1,750, and then apply the proceeds of all collaterals in its hands to payment of the balance of its claim, unless the collaterals shall amount to more than the balance due. *Bank v. Flippen,* 158 N. C., 334, and cases cited.

The costs in this appeal will be divided.

Modified.

WALKER, J., did not sit.