BANK OF MURPHY v. MURPHY FURNITURE COMPANY,
W. H. WOODBURY, ET ALS.

(Filed 24 May, 1915.)

**1. Contracts, Written—Interpretation—Intent.**

A written contract or agreement should be interpreted to carry out the intention of the parties as gathered from the language used therein, the nature of the instrument in proper instances, from the condition of the parties executing it and the objects they had in view.

**2. Same—Guarantors of Payment.**

While in contracts of guaranty words of ambiguous and doubtful import are construed most strongly against the guarantor, this rule will not be extended to enlarge the obligations of the guarantor beyond the scope and purpose of his agreement and the reasonable interpretation of the terms expressed therein.

**3. Same—Bills and Notes—Banks and Banking—Third Parties.**

Where the directors of a corporation enter into a written agreement with its banking house to pay all of its indebtedness thereto "which now exists or may hereafter be created, whether by note, acceptance, overdraft, indorsement," etc., to the extent of a certain amount, and the agreement sets forth that it is to avoid the necessity of individual indorsement of the directors in each transaction to the said bank, it is *Held*, that by proper interpretation of the contract and the conditions existing at the time the guaranty applied to transactions between the corporation and the bank, and it was not intended or agreed that the directors should become liable on a note given by the corporation to a third person and discounted in a transaction solely between such third person and the bank.

APPEAL by plaintiff from *Justice, J.,* at November Term, 1914, of CHEROKEE.

Civil action to recover on certain notes, aggregating $2,076.62, executed by the furniture company to one C. D. Mayfield, for lumber sold said company and by him discounted for value to plaintiff bank.

Judgment by default was entered against the company, and it was claimed by plaintiff that the individual defendants were liable for this indebtedness by reason of the following contract signed by them and existent at the time plaintiff bank acquired the notes:

"We, the undersigned stockholders (being also directors) of the Murphy Furniture Manufacturing Company, a corporation, hereinafter called the company, in consideration of the sum of $1 to each of us in hand paid, the receipt whereof we severally acknowledge, and in consideration of the credit extended to said company by the Bank of Murphy, hereinafter called the bank, hereby bind ourselves and agree to pay to said bank all indebtedness of said company to said bank which now exists or may hereafter be created, whether by note, acceptance, overdraft, indorsement, or any other form, to the extent of $12,000.

"This agreement is made in order to avoid the necessity and inconvenience of indorsing specifically every evidence of indebtedness which

said bank may hold against said company, and its true intent and purpose is to make the undersigned parties hereto liable for said indebtedness in such manner and to the same extent as if each of us had duly and regularly indorsed the paper of said company to said bank; and in the event of liability accruing under this agreement, each of us shall be jointly and severally liable to said bank for such indebtedness as indorsers are liable to the holder of the negotiable instrument under the law.

"Each of us hereby severally waives all rights to homestead or exemption under the laws of this or any other State or the United States, and we severally waive demand, protest, and notice of demand, protest, and nonpayment of any and all papers of said company to said bank.

"No further credit is to be extended under this guaranty after notice given in writing by any one of the undersigned parties not to do so."

It was contended for the individual defendants: "That at the time said agreement was executed and delivered, said Murphy Furniture Manufacturing Company was indebted to said bank for moneys heretofore borrowed from it, and was from time to time borrowing money from said bank, and upon notes executed to it directly by said company, or upon paper of other persons due said manufacturing company, which was discounted by the latter to the plaintiff bank, and that said agreement was intended to cover such transactions had directly between the plaintiff bank and said Murphy Furniture Manufacturing Company, and was not intended to cover and include the purchase of notes given by said Murphy Furniture Company to other parties, and which may have been sold by such persons to said bank and indorsed by the holders thereof and discounted by said bank, the proceeds of which were not being credited to Murphy Furniture Manufacturing Company."

The notes sued on having been introduced and the agreement, it was admitted on the trial that said notes were executed by the company to one C. D. Mayfield and thereafter sold and discounted by him to plaintiff bank, and that same were unpaid.

His Honor charged the jury that, if they believed the evidence, they would answer the issue for defendants. Judgment, and plaintiff excepted and appealed.

*M. W. Bell, Dillard & Hill for plaintiff.*

HOKE, J. In *R. R. v. R. R.,* 147 N. C., 382, the Court, in speaking of the interpretation of written contracts which are sufficiently ambiguous to permit of construction, said: "It is well recognized that the object of all rules of interpretation is to arrive at the intention of the parties as expressed in the contract, and, in written contracts which permit of construction, this intent is to be gathered from the entire instrument"; and,

after citing Page on Contracts, secs. 1105, 1106 and 1112, and *Merriam v. U. S.,* 107 U. S., 441, the opinion further quotes with approval from Beach on the Modern Law of Contracts, as follows: "To ascertain the intention, regard must be had to the nature of the instrument itself, the condition of the parties executing it, and the objects they had in view, and the words employed, if capable of more than one meaning, are to be given that meaning which it is apparent the parties intended them to have."

Applying these principles, we concur in his Honor's view, that plaintiffs are not entitled to recover of the individual defendants.

The evident purpose of these parties was to strengthen the credit of their company in its dealings with the bank, to the extent of the amount stipulated, and to save themselves the "necessity and inconvenience of indorsing specifically every indebtedness which said bank might hold against the company," and from a consideration of this purpose and the language of the instrument and the facts in evidence we think it clear that it was the intention of these parties, as expressed in the contract, to confine the obligation of the individual defendants to indebtedness arising out of transactions directly between the bank and their company, and that it did not and was not intended to include any and every indebtedness which the bank might acquire from third parties.

While the position insisted on by plaintiff, that in contracts of guaranty words of ambiguous and doubtful import are construed most strongly against the guarantor, will be recognized, in proper instances, it may not be extended to enlarge the obligations of such parties beyond the scope and purpose of their agreement and of the terms in which the same has been expressed. *Shoe Co. v. Peacock,* 150 N. C., 545.

There is no error in the charge of the court, and the judgment for defendants is affirmed.

No error.