J. T. SAWYER v. W. CECIL PRITCHARD ET ALS.

(Filed 12 September, 1923.)

**1. Deeds and Conveyances—Contracts — Interpretation — Intent — Evidence.**

In construing deeds or other written contracts, the intent of the parties is to be given effect as expressed in the instrument by the language used, when it is explicit in terms and plain in meaning, which may not be explained or modified by parol evidence unless it is capable of more than one construction, in which event the court may admit evidence of extraneous circumstances relevant to the inquiry and which may naturally tend to aid it to a correct conclusion of the meaning intended by the parties.

**2. Same.**

The heirs at law of the original owner of forty acres of land, after the death of his widow, took possession of twenty acres thereof which had been assigned to her as her dower, as against her grantee thereof who sued to recover possession. It was made to appear that the defendants, during the existence of the dower interest, filed their petition to sell the whole of the forty-acre tract for a division, the decree directed a sale of the land described in the petition, the commissioner appointed to sell reported he had sold to the plaintiff the entire tract of forty acres, and upon decree conveyed to the plaintiff, the purchaser, the entire tract by metes and bounds, "containing forty acres, excepting, however, so much thereof as was assigned to the widow as her dower interest": *Held*, the commissioner's deed conveyed the entire forty acres to the plaintiff as purchaser, excluded only the dower interest of the widow, not the entire land on which it had been allotted.

APPEAL by plaintiff from *Connor, J.,* at January Term, 1923, of PASQUOTANK.

Civil action, to recover possession of a tract of land containing forty acres, known as the Albertson lands, formerly owned by W. J. Albertson, deceased.

Defendants, the children and heirs at law of W. J. Albertson, resist recovery of twenty acres of said lands, same being the portion formerly covered by the allotment of dower therein to the widow of said W. J. Albertson and disclaimed as to the other twenty acres. At close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Aydlett & Simpson for plaintiff.*
*W. L. Small and Ehringhaus & Hall for defendants.*

HOKE, J. On the hearing it was properly made to appear that the entire tract of forty acres was formerly owned by W. J. Albertson, deceased; that on his death his widow had her dower duly allotted in said land and covering twenty acres of same by metes and bounds; that

the widow sold her dower interest to N. J. Williams, who occupied and controlled same till her death, prior to commencement of present action, when defendants assumed possession of this twenty acres, claiming to own same as children and heirs at law of W. J. Albertson; that in 1919, during the existence of the dower estate, defendants filed their petition to sell the forty acres of land for division; a sale was ordered, and plaintiff purchased the land, and on confirmation of same and payment of purchase price, received the commissioners' deed and offered same in evidence, together with the court proceedings on which same is based.

Defendants, admitting control and possession of the twenty acres, resist recovery:

First, on the ground that the commissioner's deed on its face did not convey or purport to convey the twenty acres of land covered by the allotment of dower.

Second, if it did, there was no agreement or intent or purpose to convey that portion of the land, and the deed, therefore, was so drawn by mutual mistake, etc.

From a perusal of the court proceedings introduced by plaintiff, it appears further that in the petition filed by defendants for sale of their father's land the entire tract is described, "and as containing forty acres." The decree directs a sale of the land "described in the petition." The commissioner in his report states that he had sold the entire boundary, "containing forty acres." The decree of confirmation recites a sale of the land as described, and the deed of the commissioner conveys the entire tract by metes and bounds, "containing forty acres, excepting, however, so much thereof as was assigned to Mrs. Bertie Albertson as her dower interest."

It is well recognized with us that in the interpretation of deeds and written contracts the object is to ascertain and give effect to the intent of the parties as expressed in the instrument, and that while the language therein, which is explicit in terms and plain of meaning, may not be explained or modified by parol evidence, yet when the written words are capable of more than one construction, the court may hear evidence of extraneous circumstances relevant to the inquiry and which will naturally tend to aid it to correct conclusion as to which meaning was intended. *Montague v. Simpkins,* 178 N. C., 270-273; *Bank v. Furniture Co.,* 169 N. C., 180; *McCallum v. McCallum,* 167 N. C., 310; *Triplett v. Williams,* 149 N. C., 394; *R. R. v. R. R.,* 147 N. C., 368-382; *Merriam v. United States,* 107 U. S., 437-441; *Adams v. Frothingham,* 3 Mass., 352; 2d Devlin on Deeds (3d Ed.), 1523-1536; 1st Beach on Modern Law of Contracts, secs. 702-719.

In *R. R. v. R. R., supra,* it is held: "The object of all rules of interpretation is to arrive at the intention of the parties as expressed in the

contract; and in written contracts which permit of construction this intent is to be gathered from a perusal of the entire instrument; and while in arriving at this intent, words are *prima facie* to be given their ordinary meaning, this rule does not obtain when the context or admissible evidence shows that another meaning was intended."

In *Merriam v. United States, supra, Associate Justice Woods,* delivering the opinion, said: "It is a fundamental rule that in the construction of contracts the courts may look not only to the language employed, but to the subject-matter and surrounding circumstances, and may avail themselves of the same light which the parties possessèd when the contract was made."

And in the citation to Beach the principle is stated as follows: "Where the language of an instrument is ambiguous and susceptible of more than one construction, that construction will be adopted which, in the light of surrounding circumstances and upon a view of the whole instrument, is in accordance with the apparent intent of the parties. In order to arrive at the intention of the parties, inquiry may be made as to their situation at the time the contract was entered into, and the purpose to be accomplished by its execution."

Considering the commissioner's deed to plaintiff in the light of these principles, we think the same, as now drawn, conveys, as stated, the entire forty acres of land, and that the dominant and controlling words of the exception are the "dower interest of the widow." And if there is sufficient doubt of this construction, the same is put at rest by the attendant circumstances appearing in the petition, decrees, report, etc., confirming the view that the entire tract is conveyed, subject only to the dower interest of the widow, and no more.

This will be certified, that the judgment of nonsuit be set aside without prejudice, and the cause further proceeded with as the parties may be advised.

Reversed.