## SHEFFER v. GRIFFITHS et al.

No. 4247.   Decided September 8, 1925.   Rehearing Denied May 5, 1926.   (245 P. 698.)

1. DESCENT AND DISTRIBUTION. Assignment of equity in certain estates as collateral security for note *held* in effect a mortgage.[1]

2. DESCENT AND DISTRIBUTION. Assignment of equity in estate to secure "claims or demands due or not due" *held* to include claims or demands past due.

3. DESCENT AND DISTRIBUTION—ASSIGNMENT TO BANK AS COLLATERAL SECURITY FOR NOTE, AND "ANY OTHER NOTE OR CLAIM HELD BY THE SAID BANK," HELD APPLICABLE TO NOTE HELD BY BANK PAST DUE AT TIME OF ASSIGNMENT. Assignment of equity in certain estates to bank as collateral security for specified note and "any other note or claim held by the said bank," *held* applicable to note held by bank and past due at time of assignment.

4. ASSIGNMENTS. Writing assigning collateral security to bank must be considered as a whole, and all of its parts given effect.

5. DESCENT AND DISTRIBUTION—ASSIGNMENT TO BANK AS COLLATERAL SECURITY FOR NOTE, AND "ANY OTHER NOTE OR CLAIM HELD BY THE SAID BANK," HELD APPLICABLE TO FIRST MORTGAGE NOTE PAST DUE AT TIME OF ASSIGNMENT, AND ACQUIRED BY BANK THEREAFTER TO PROTECT ITS SECOND MORTGAGE. Assignment of equity in estates to bank as collateral security for specified note, and "any other note or claim held by the said bank," *held* applicable to first mortgage note past due at time of assignment, and acquired by bank thereafter to protect its second mortgage.

---

[1]In re Miles' Estate, 223 P. 337, 63 Utah, 144.

Corpus Juris-Cyc. References:

[1]   Descent and Distribution 18 C. J. p. 896 n. 32 New.

[2]   Due 19 C. J. p. 818 n. 35:   Mortgages 27 Cyc. p. 1075 n. 42 New.

[3-5]   Mortgages 27 Cyc. p. 1057 n. 34; p. 1075 n. 43; p. 1134 n. 57.

Appeal from District Court, First District, Cache County; *J. N. Kimball,* Judge.

Action by J. E. Sheffer against W. G. Griffiths and others. Judgment for plaintiff, and defendant Smithfield Implement Company appeals.

AFFIRMED.

*Leon Fonnesbeck,* of Logan, for appellant.

*J. C. Walters,* of Logan, for respondent.

*Jesse P. Rich and George C. Heinrich,* both of Logan, for defendants.

STRAUP, J.

In December, 1912, W. G. and Lana Griffiths, husband and wife, gave to O. E. Taft their promissory note in the sum of $1,500, and, to secure the payment of it, gave him a mortgage on real estate. Payment of the note was from time to time extended. In December, 1920, the Griffiths gave another note to the Commercial National Bank of Smithfield, Utah, in the sum of $1,300 payable one year thereafter, and, to secure its payment, gave the bank a second mortgage on the real estate, subject to the mortgage to Taft. In April, 1922, the Griffiths gave the bank another note in the sum of $479.25, payable three months thereafter, and, to secure its payment, gave the bank this assignment, which was attached to the note:

"As collateral security for the payment of this note and of any and all claims or demands due or not due by the undersigned to said bank at the maturity of this note, the makers of this note have deposited with, and hereby pledge to, said bank assignment of equity in estates of Glen Miles and Gertrude G. Miles, and the undersigned hereby give the said bank, its assign or assigns, authority to sell the same, or any part thereof, on maturity of this note, as herein provided, or at any time thereafter or before, in the event of the said securities depreciating in value, at public or private sale, without advertising the same, or demanding payment, or giving notice, and apply so much of the proceeds thereof to the payment of this note

as may be necessary to pay the same, with all interest and attorney's fees due thereon, and also to the payment of all expenses attending the sale of the said collateral, and, in case the proceeds of the sale of the said collateral shall not cover the principal, interest, attorney's fees and expenses, the undersigned promise to pay the deficiency forthwith after such a sale, and hereby waive and release the holder of this note from all duty and diligence to sell, enforce, or collect any collateral held with this note. And it is hereby understood and agreed that the collateral upon this note shall be applicable to any other note or claim held by the said bank or the legal holder thereof, against the undersigned. *   *   * "

After the assignment, the bank, in January, 1923, purchased the note and mortgage of $1,500 from Taft. In February, 1923, the plaintiff, Sheffer, for value, purchased from the bank the three notes and mortgages and the assignment of the Griffiths to the bank. The estates mentioned in the assignment were probated, and the properties thereof, in March, 1924, distributed to Griffiths, who was the sole heir.

In November, 1922, Smithfield Implement Company obtained a judgment against Griffiths in the sum of $334.81. On the same day E. R. Miles, in the sum of $145, and Marie Petersen in the sum of $90.70, also obtained judgments against Griffiths, which judgments, in November, 1923, were, by Miles and Petersen, sold and assigned to the implement company. In December, 1924, the implement company caused execution to issue and to be levied on real estate of the estates theretofore distributed to Griffiths, and, in January, 1924, on execution sale, the implement company purchased all the right, title, and interest of Griffiths in the estates for the sum of $652.70, being the amount due and unpaid on the three judgments, including costs.

Plaintiff brought this action to foreclose the two mortgages as well as the assignment, claiming it in effect also to be a mortgage, and claimed all of them to be paramount to any and all rights or liens of the defendants, especially those of the implement company; the mortgages and assignments having been made prior to the judgments of the implement company.

The case was tried to the court, which rendered judgment in favor of the plaintiff on the three notes assigned to him, and ordered the property covered by the mortgages first to be sold and the proceeds of sale applied on the $1,500 and $1,300 notes, of which ruling no complaint is made. The court then ordered Griffiths' interest in the estates and the property therein distributed to him to be sold, and the proceeds of the sale to be applied in payment of the $479.25 note. Neither is complaint made of this ruling. But the court further ordered that, if the proceeds of the sale of the property covered by the mortgages be insufficient to pay in full the $1,500 and $1,300 notes, including attorney's fees and costs, and; if, after paying the $479.25 note, including interest, attorney's fees, and costs, from the proceeds of sale of the estate property, there be a surplus of such proceeds, that it, or sufficient thereof, be paid and applied on the deficiencies of the $1,500 or the $1,300 note, and the excess, if there be any, yielded up in satisfaction of or to be applied on the judgments held by the implement company. Complaint is made by the implement company of this ruling applying the proceeds of sale of the estate property on either the $1,500 or the $1,300 note, and from such ruling it prosecutes this appeal.

The controversy arises in respect of the legal effect and construction of the assignment made by the Griffiths to the bank, and by it transferred to plaintiff. That the assignment was in effect a mortgage was so held by this court in *re Miles' Estate*, 223 p. 337, 63 Utah, 144. We again so hold. That pledges are to be construed and enforced according to the interest of the parties as gathered from the instrument of pledge and the subject-matter thereof, and that by agreement of the parties the pledge may be applied, not only to secure the payment or performance of a particular liability or obligation, but also in payment or performance of all liabilities and obligations of the pledgor, due, past due, or to become due, existing when the pledge is given or thereafter contracted or acquired, is not disputed by ap-

pellant. It, however, contends that by the assignment the interests of the Griffiths in the estates was pledged to secure the payment only of the $479.25 note and all claims or demands due or not due by the Griffiths to the bank at the maturity of the note, but not to secure the payment of claims or demands which were past due when the assignment was made, nor to secure the payment of any claim or demand not then held by the bank, and, since the $1,300 note, though held by the bank, but was past due when the assignment was made, and since the $1,500 note also was past due, and not then held by the bank, but thereafter acquired by it, the appellant contends that the assignment cannot be regarded as security for the payment of any such claims or demands, and hence that the court erred in applying any of the proceeds of sale of the estate property in payment of either the $1,300 or the $1,500 note.

The pertinent language of the assignment is that it was given to secure the payment of this note [the $479.25 note] and of any and all claims or demands due or not due by the undersigned to said bank at the maturity of this note. * * * And it is hereby understood and agreed that the collateral upon this note shall be applicable to any other note or claim held by the said bank or the legal holder thereof, against the undersigned," etc. The contention that the words, "claims or demands due or not due" do not include claims past due is answered against appellant by the case of *Hellman C. T. & S. Bank* v. *Armstrong*, 179 P. 432, 39 Cal. App. 483. An unpaid claim or demand past due is still due—just as much so as when it fell due.

However, both the $1,500 and the $1,300 notes are well within the language of the assignment, "and it is hereby understood and agreed that the collateral upon this note shall be applicable to any other note or claim held by the said bank or the legal holder thereof, against the undersigned." Thus, when the assignment is considered as a whole, and all parts of it given effect, as must be done, we think the ruling

of the court was right. *Citizens' Bank & Trust Co.* v.
*Thornton,* 174 F. 752, 98 C. C. A. 478; *Mulert* v. *National Bank of Tarentum,* 210 F. 857, 127 C. C. A.
419; *Oleon* v. *Rosenbloom,* 93 A. 473, 247 Pa. 250, L. R. A.
1915F, 968, Ann. Cas. 1916B, 233; *Fourth Nat. Bank* v.
*Stahlman,* 178 S. W. 942, 132 Tenn. 367, L. R. A. 1916A,
568; *Hallowell* v. *Bank,* 28 N. E. 281, 154 Mass. 359, 13 L.
R. A. 315; *Brewing Co.* v. *Bank,* 88 N. E. 997, 240 Ill. 454;
*Richardson* v. *Bank,* 75 N. E. 97, 189 Mass. 25; *Trust Co.* v.
*Robbins,* 53 N. E. 868, 173 Mass. 261; *Stanley* v. *Bank,* 46
N. E. 273, 165 Ill. 295; *Milling Co.* v. *Stevenson,* 77 S. E.
676, 161 N. C. 510.

While the language of the pledge in respect of the point
involved in some of the cited cases is not word for word as is
the language here, still the effect of it is the same.

Since the bank acquired the $1,500 note after the assignment, a more serious question might arise whether
the assignment could properly be held as security for
its payment were it not that the bank, to protect its
second mortgage given to secure the $1,300 note, was required to purchase the $1,500 note and the first mortgage
given to secure it. In such circumstance we think the note
is within the intent of the assignment.

The judgment of the court below is affirmed, and respondent given his taxable costs.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY,
JJ., concur.