ROBERT J. POWELL, RECEIVER OF THE CUMBERLAND NATIONAL BANK OF FAYETTEVILLE, v. K. A. McDONALD AND J. A. BYNUM AND WIFE, GERTRUDE H. BYNUM.

(Filed 18 September, 1935.)

**Banks and Banking C d—Pledge of security for note held to cover only joint obligations of pledgors to bank.**

A husband and wife executed a note to a bank, and to secure payment, pledged certain collateral, the pledge stipulating that the bank might hold same as security for any other obligation, primary or secondary, etc., "under which the undersigned shall be in any way bound." *Held:* Construing the pledge to ascertain the intention of the parties, the pledge covered only such obligations to the bank upon which the husband and wife were jointly liable, and the bank, or its receiver upon insolvency, is not entitled to hold the pledged security for the individual liability of the husband as endorser on a note of a third person, the bank, which selected the language of the pledge, having failed to stipulate that the security should be pledged to secure the joint or several liabilities of the pledgors.

APPEAL from *Grady, J.,* at March Term, 1935, of CUMBERLAND. Reversed.

The undisputed facts presented by the present appeal are that on 17 October, 1931, K. A. McDonald executed to the Cumberland National Bank of Fayetteville his promissory note for $275.00, upon which a balance of $208.80 was due at the time of the institution of this action, which note at the time of its delivery and negotiation was endorsed by J. A. Bynum. J. A. Bynum and wife, Gertrude H. Bynum, on 9 December, 1931, signed and delivered to the Cumberland National Bank

of Fayetteville their collateral note for $800.00, reading in part as follows:

"60 days after date we promise to pay to the order of the Cumberland National Bank of Fayetteville, . . . Eight Hundred Dollars, . . . Value received . . . and to secure the payment of this, or any other obligation to said bank, due or to become due ..... ........ hereby pledge to the said Bank, or its assigns, holders of the same, the collaterals described on back, or herein enclosed, and it is hereby agreed that upon the nonpayment of this obligation said Bank or the holder thereof, may sell the same . . . and after deducting all costs of sale the balance of the proceeds shall be applied to this obligation, and any surplus to any other note, obligation, bill, overdraft or open account under which the undersigned shall be in any way bound, primarily or secondarily, absolutely or contingently, due or to become due. Such application to be made in the manner and proportions as said Bank or holder may see fit. Upon the discharge of this obligation said Bank or holder may deliver the same to the undersigned, or order, but shall have the right to retain the same to secure any other obligation, note, etc., as above described, just as if specifically pledged under an agreement in the exact terms of this, . . ."

As security for said collateral note, said Bynum and wife transferred, assigned, and delivered to said bank three life .insurance policies in which they were the insured and beneficiary, respectively, with the right reserved in the insured to change the beneficiary therein. Said collateral note was subsequently paid in full on 12 March, 1932, without the beneficiary in the life insurance policies ever having been changed, and upon such payment J. A. Bynum and wife, Gertrude H. Bynum, demanded the surrender to them of said life insurance policies, which demand was refused by the plaintiff receiver—he contending that as security for a collateral note containing the above quoted clause, the cash surrender value of said policies should be applied to the payment of the obligation of the defendant J. A. Bynum by virtue of his endorsement of the note of K. A. McDonald.

The plaintiff, as receiver of the Cumberland National Bank of Fayetteville, instituted this action on 11 January, 1935, and, at the March Term, 1935, of Cumberland County Superior Court, Grady, J., adjudged, on the pleadings, that the plaintiff have and recover of K. A. McDonald and J. A. Bynum the sum of $208.80, with interest, and declared the judgment to be a specific lien upon the life insurance policies pledged as security for the collateral note and empowered the receiver to subject them to the satisfaction thereof; and from this judgment the defendants J. A. Bynum and wife, Gertrude H. Bynum, appealed to the Supreme Court, assigning error.

*Rose & Lyon for plaintiff, appellee.*
*Malcolm McQueen and Dye & Clark for defendants, appellants.*

SCHENCK, J. The single question presented is as to the proper interpretation of the collateral pledge of the life insurance policies as security for the joint note of the insured and beneficiary therein, J. A. Bynum and wife, Gertrude H. Bynum, respectively.

We are of the opinion that the liability created by the collateral note is a joint liability of the makers thereof. We think the words of the pledge, following the provision for the application of the funds derived from the sale of the securities, "shall be applied to this obligation, and any surplus to any other note, obligation, bill, overdraft, or open account under which *the undersigned* shall be bound" connote that the intention of the parties to the contract or note was to pledge the securities to the payment of only such other notes and obligations as were of the same character as the joint liability under the collateral note. "It is well recognized that the object of all rules of interpretation is to arrive at the intention of the parties as expressed in the contract, and, in written contracts which permit of construction, this intent is to be gathered from the entire instrument, and, . . . to ascertain the intention, regard must be had to the nature of the instrument itself, the condition of the parties executing it, and the objects they had in view, and the words employed, if capable of more than one meaning, or to be given that meaning which it is apparent the parties intended them to have." *Bank v. Furniture Co.,* 169 N. C., 180. The natural inference to be drawn from the words "under which *the undersigned* shall be in any way bound" is that the securities were pledged only for the joint liabilities of the makers. The bank, the payee, framed this pledge, and if it desired to have the pledge extend to the individual and several obligations of the makers of the collateral note, it should have had inserted the words "or either of them," or words of similar import.

Entertaining, as we do, the opinion that the pledge contained in the collateral note extends only to the joint liabilities of the makers to the payee thereof, we hold that the judgment of the Superior Court which extended the pledge to the individual and several obligations of J. A. Bynum was erroneous.

While the facts are not altogether analogous, the reasoning in *Bank v. Furniture Co., supra,* and *Newsome v. Bank,* 169 N. C., 534, is apposite to this case. To the same effect is the case of *Bank v. Scott,* 123 N. C., 538, which is also authority for holding that the words "we" and "our" used in a collateral note, as in this case, import joint obligations. See, also, *Heffner v. Bank,* 311 Pa., 29, 87 A. L. R., 610, and *Torrance v. Bank* (C. C. A., 3d Cir.) 210 Fed. Reporter, 806.

The judgment below is reversed.

Under the stipulation contained in the record, the cases wherein G. C. Barbour and L. C. Jackson, respectively, are codefendants with J. A. Bynum and wife, Gertrude H. Bynum, will be governed by this opinion and judgments therein will be entered accordingly.

Reversed.