GEORGE W. EDWARDS v. BUENA VISTA ANNEX, INC., AND WACHOVIA BANK & TRUST COMPANY, TRUSTEE.

(Filed 3 January, 1940.)

**Banks and Banking § 9b—Language of pledge held to cover every liability of the borrower to the bank arising out of ordinary conduct of business.**

A corporation hypothecated collateral to the bank as security for money loaned on three notes executed by the corporation, and each note provided that the collateral pledged should be security "for the payment of this and any other liability or liabilities of the undersigned to said bank, or which may hereafter arise, whether due or not due, however arising or evidenced." The bank acquired in regular course of business a fourth note executed by the corporation to bearer, and the corporation had knowledge of this fact at the time of executing renewal notes in similar language for the three original notes. *Held:* The clear, unambiguous language of the pledge subscribed by the corporation included any liability of the corporation, "the undersigned" to the bank, "however evidenced," and the pledge applies to the fourth note as well as to the other three notes executed by the corporation. *Powell v. McDonald*, 208 N. C., 436; *Bank v. Furniture Co.*, 169 N. C., 180; *Newsome v. Bank*, 169 N. C., 534, cited and distinguished.

DEVIN, J., not sitting.

APPEAL by Wachovia Bank & Trust Company, claimant, from *Clement, J.*, at March Term, 1939, of FORSYTH.

*Manly, Hendren & Womble and W. P. Sandridge for Wachovia Bank & Trust Company, claimant, appellant.*

*Ratcliff, Hudson & Ferrell for John Fries Blair, receiver of Buena Vista Annex, Inc., appellee.*

SCHENCK, J. In the above entitled action the Buena Vista Annex, Inc., was placed in receivership, and John Fries Blair was appointed receiver, by the Forsyth County Court.

The Wachovia Bank & Trust Company filed claim with the receiver based on three notes of the Buena Vista Annex, Inc., aggregating $2,749.44, with interest, to which collateral was pledged by the following words in the body of each of the notes: ". . . having deposited herewith, as collateral security, for the payment of this and any other liability or liabilities of the undersigned to said bank, or which may hereafter arise, whether due or not due, however arising or evidenced, . . ." A part of the collateral thus hypothecated was sold by the receiver and from the proceeds the three notes were paid in full. There was a part of this collateral, namely, $1,000.00 and 4 shares of the Arista Mills stock remaining in the hands of the receiver after the payment of the said three notes.

The Wachovia Bank & Trust Company likewise filed claim with the receiver for a fourth note of the Buena Vista Annex, Inc., for the sum of $668.75, which note was payable to bearer and was acquired by the bank and trust company in the ordinary course of business. The bank and trust company, notwithstanding said note contains no collateral pledge clause, seeks to have said note paid from the remaining collateral pledged for the payment of the three other aforesaid notes, claiming that the pledging clause in the said three notes authorized such payment.

The receiver of the Buena Vista Annex, Inc., declined to pay the claim of the Wachovia Bank & Trust Company based upon this fourth note from the collateral pledged for the three other notes, whereupon appeal was taken by the claimant to the Forsyth County Court where the action of the receiver was upheld. Appeal was taken by the claimant to the Superior Court of Forsyth County, where the judgment of the Forsyth County Court was affirmed. The claimant, the Wachovia Bank & Trust Company, preserved exception to the judgment of the Superior Court, and appealed to the Supreme Court.

It is agreed that the only issue between the receiver, the appellee, and the claimant, the appellant, is: "Is the Wachovia Bank & Trust Company entitled to apply the $1,000.00 and the 4 shares of Arista Mills stock to the payment of the note described in Exhibit 2?" (being the fourth note for $668.75, which contained no collateral pledge clause).

We are of the opinion, and so hold, that the answer to the issue is in the affirmative.

The language of the contract contained in the collateral pledge clause of the three notes, namely: ". . . for the payment of this and any other liability or liabilities of the undersigned to said bank, or which may hereafter arise, whether due or not due, however arising or evidenced, . . ." is sufficient to include the fourth note payable to bearer, and due by the Buena Vista Annex, Inc., to the Wachovia Bank & Trust Company by virtue of having come into its possession in the

ordinary course of business. We can hardly think of any more certain language that could have been employed by the parties to embrace this particular obligation if they had it in mind and intended at the time to secure it by deposit of the collateral securities. It was clearly not intended to confine the securities merely to the liability on the notes containing the collateral pledge clause. If such had been the intent then the quoted words were mere surplusage. Such words having been placed in the contract they must be given effect, and when made effective they include any liability of the maker, "the undersigned" to the payee or holder in due course, "said bank" by way of other notes or "however arising or evidenced." *Norfleet v. Ins. Co.,* 160 N. C., 327. The language employed appears to have been intended to hold the collateral security for every liability of the borrower to the lender arising out of the lender's ordinary conduct of banking business, and the Buena Vista Annex, Inc., adopted this language when it executed the notes containing it. And furthermore it appears from the agreed statement of facts that the Buena Vista Annex, Inc., had knowledge of the fact that the Wachovia Bank & Trust Company held in due course the fourth note when it executed and delivered to said bank the three other notes in renewal of similar notes past due.

The appellee relies upon *Powell v. McDonald,* 208 N. C., 436, but an examination of this case discloses that the collateral pledge clause in the note involved provided that any surplus should be applied to any other note or obligation "upon which the undersigned shall be bound," and the Court held that since two persons executed the note, the surplus of the collateral after payment of the joint note could not be held to be applied to the extinguishment of a note or obligation of only one of the makers of the note, the Court being of the opinion that the word "undersigned" referred to the joint obligation of the two makers, or signers, and not to the individual obligations of each maker, or signer of the note.

The appellee likewise relies upon *Bank v. Furniture Co.,* 169 N. C., 180. This case involved the interpretation of an agreement entered into between the directors of a corporation and the bank, wherein the directors agreed to bind themselves to pay all indebtedness of said corporation to said bank "which now exist or may hereafter be created, whether by note, acceptance, overdraft, endorsement, or any other form, to the extent of $12,000." The bank sought to hold the directors personally liable under this agreement on a note of the corporation given to a third party and acquired by the bank in due course. The Court held that the agreement did not include the note sued on for the reason that it was given to a third party and the agreement shows it was made "in consideration of the credit extended to said company" by the bank, and that the agreement was "made in order to avoid the necessity and inconvenience of

endorsing specifically every evidence of indebtedness which said bank may hold against said company," the Court being of the opinion that it appeared from the agreement itself that it related only to obligations created between the corporation and the bank. No such situation appears from the contract involved in the instant case, the provision under consideration being practically all inclusive.

The appellee also relies upon *Newsome v. Bank,* 169 N. C., 534. The Court disposed of this case by holding that the question involved was settled by *Bank v. Furniture Co., supra,* stating that the exact question had been determined, that is, when consideration is given to the purpose and language of the instrument and the facts in evidence, the intent of the parties, as expressed in the contract, confine the obligation to indebtedness arising out of transactions directly between the bank and the obligors. The language of the contract involved, as well as the circumstances of the parties, in this case are distinguishable from those in the instant case.

The Superior Court held that the issue between the receiver, appellee, and the claimant, appellant, should be answered in the negative. With this holding we cannot concur.

The judgment of the Superior Court is
Reversed.

DEVIN, J., not sitting.