JAMES L. BOSWELL AND WIFE, BESSIE LEE BOSWELL; GRADY A. BOSWELL AND WIFE, LILLIE BOSWELL; A. JASPER BOSWELL AND WIFE, RUTH BOSWELL; WILLIAM HACKNEY BOSWELL; PERRY LEE BOSWELL; CLYDE BOSWELL, ADMINISTRATRIX OF DORSEY LEE BOSWELL, DECEASED. v. JESSIE ELIZABETH BOSWELL, A MINOR; BYERLY ANN B. YOW, A MINOR, AND HER HUSBAND, JOHN YOW, JR.; LINDA ANN BOSWELL, A MINOR; ALMERENE H. BOSWELL; RONEY M. WILLIAMSON; RENFROW LUCAS COMPANY, INC., AND LUKE LAMB, TRUSTEE.

(Filed 2 March, 1955.)

**1. Appeal and Error § 1—**

Since dissimilarity as to a material fact may call for application of different principles of law, where the specific determinative facts are not established in the lower court, the Supreme Court will not decide the question sought to be presented, since such decision would amount to an advisory opinion on abstract questions.

**2. Mortgages § 9—**

The mortgage in question secured payment of a note for advancements made and further advancements agreed to be made, and also "any other amount that the party of the second part may advance." *Held:* Whether the mortgage secures other items of indebtedness owed by the mortgagor to the mortgagee depends upon the origin and nature of such other debts and whether they were incurred prior or subsequent to the execution of the mortgage, and where the facts in regard thereto are not established, decision of the question may not be made.

**3. Appeal and Error § 3—**

Appellee may not maintain that appellant's claim is void and that, therefore, appellant is not the party aggrieved by judgment in his favor for a part of his claim, when it is admitted in the pleadings that the appellant's mortgage constituted a valid lien and only the amount of the indebtedness secured is controverted, *a fortiori* when the facts upon which the invalidity of the mortgage is asserted do not appear of record but only in the brief.

**4. Appeal and Error § 50—**

Where the controverted and determinative facts are not established by admission, or findings supported by evidence, or verdict of the jury, the cause must be remanded.

APPEAL by defendant Roney M. Williamson from *Martin, Special J.,* October Term, 1954, of WILSON.

Proceedings for partition sale of real property in Wilson County.

The undivided one-fifth (⅕) interest of defendant Grady A. Boswell, hereinafter called Boswell, was subject to mortgage and judgment liens. These lien creditors of Boswell were made defendants.

Sale of the property has been confirmed and completed. The controversy concerns the distribution of the Boswell share (⅕) in the net proceeds of sale.

We glean the foregoing facts from the caption, the stipulation, statements in the brief, and the (admitted) allegations of paragraph 1 of the supplemental petition. There is a stipulation as to issuance and service of summons in the special proceedings, but no part of such proceedings antecedent to the supplemental petition is included in the record before us.

The supplemental petition was filed by the Commissioner. Its allegations, in respect of matters relevant on this appeal, may be summarized as follows:

1. The one-fifth ($\frac{1}{5}$) share of Boswell in the proceeds of sale available for distribution "will be insufficient to discharge all of the record liens *asserted* or *outstanding* against his interest in said proceeds." (Italics added.) The following appear of record in the Wilson County Registry as liens against the interest of Boswell.

(a) A deed of trust dated 27 September, 1948, executed by Boswell to Luke Lamb, Trustee, registered in Book 385, Page 100. (This was admitted and adjudged to be a valid first lien on the share of Boswell now in the hands of said Commissioner in the amount of $700.00 with interest thereon from 27 September, 1951, at the rate of 6% per annum.)

(b) A mortgage dated 27 February, 1952, executed by Boswell to Roney M. Williamson, hereinafter called Williamson, registered in Book 285, Page 390. On account thereof, Williamson *asserts* a lien against the interest of Boswell; and petitioner is informed that the balance now due thereon is $1,661.65 plus interest. The provisions of this mortgage, being the subject of controversy, will be set out below.

(c) A mortgage dated 17 December, 1952, executed by Boswell to Renfrow-Lucas Company, Inc., registered in Book 285, Page 431. On account thereof, Renfrow-Lucas Company, Inc., hereinafter called Renfrow-Lucas, asserts a lien against the interest of Boswell in amount of $400.00 plus interest.

(d) A judgment dated 7 October, 1953, entitled, "R. C. Grice *v.* Grady Boswell, *et al.*," for $39.02 with interest from 1 October, 1953, plus costs in the sum of $4.80, recorded in Judgment Docket Book 16, Page 152, in the office of the Clerk of the Superior Court of Wilson County.

The Commissioner's report, "showing the payment of all expenses in connection with this proceeding to date, and showing the amount of surplus proceeds to be distributed to the persons entitled thereto," is referred to as attached to and made a part of the supplemental petition. However, it is not in the record before this Court.

The petitioner-commissioner asks the court for instructions as to the distribution of the Boswell share.

Answers were filed by Luke Lamb, Trustee, Williamson, Boswell and Renfrow-Lucas, to said supplemental petition. Since the status of the deed of trust to Luke Lamb, Trustee, is not in controversy, analysis of

the answer filed by him is unnecessary. Apparently (from the stipulation of counsel representing other parties), a copy of said supplemental petition was served on R. C. Grice, judgment creditor. No answer by Grice appears in the record.

Williamson admits the relevant allegations of said supplemental petition, except that he asserts the amount of the indebtedness due him by Boswell is $1,533.86, rather than $1,661.65. By way of further answer, he alleges that his mortgage is a valid lien in that amount against the interest of Boswell. He makes no allegations as to the origin and nature of the portion of this indebtedness in excess of the $400.00 described in his mortgage.

Boswell denies all allegations of said supplemental petition relating to the Williamson debt and mortgage. He admits all other relevant allegations. He alleges that "the only valid lien which the said Roney M. Williamson could assert against him (by reason of said alleged mortgage) is $400.00." He further alleges that "during the selling season for the crop year 1953 . . . Williamson seized and sold the crops" belonging to him (Boswell) and received $1,312.95 from the proceeds of sale thereof. He demands that he be given credit on the debt "justly due" on the Williamson mortgage for the amount found to be due him under a strict accounting by Williamson for the proceeds received from the sale of said crops. He prays that judgment be entered directing the Commissioner to discharge any valid liens against his share, and that any balance remaining after the discharge of said valid liens be paid over to him.

Renfrow-Lucas denies that the Williamson mortgage creates a valid lien in excess of the amount due on the $400.00 debt described therein. It alleges further that its mortgage lien is subject only to (1) the deed of trust to Luke Lamb, Trustee, securing $700.00 plus interest, and (2) the mortgage to Williamson, to the extent of a maximum of $400.00 plus interest. Except as admitted, the allegations of said supplemental petition are denied.

The Williamson mortgage, recorded in Book 285, Page 390, included the following provisions:

"AND WHEREAS, the party of the first party (*sic*) now indebted to party of the second part in the sum of Three Hundred and 00/100 Dollars, in the form of Note;

"AND WHEREAS, the party of the second part has agreed to make advances in money, merchandise and supplies to the party of the first part, during the year 1952, to the amount of One Hundred and 00/100 Dollars, including fertilizers.

"In consideration of One Dollar, and for the further consideration herein set forth, the party of the first part hereby conveys to the party of

the second part and to his heirs the following real estate and personal property:

"His ⅕ (one-fifth) undivided interest in that certain tract of land in Black Creek Township, containing 31 acres, more or less. Joining lands on North by Tom Barnes heirs, joining lands on East by Aycock heirs, same line on road leading from Munford road to Wilson, N. C. also lying on Munford road. . . .

"Now, if the said party of the first part shall on or before the 1st day of November 1952 pay the said note and the advances herein agreed to be made *and shall also pay any other amount that the party of the second part may advance to the part (sic) of the first part in addition to the amount herein specified to be advanced, and shall also pay all other debts that the said party of the first part may be owing to the party of the second part,* then this deed and lien is to be null and void. But if the party of the first part shall fail to pay the said note or said advances herein agreed to be made, *or the advances that may be made in excess of the amount agreed to be advanced or shall fail to pay any other debt that the party of the first part may be owing to the party of the second part,* then the said party of the second part are (*sic*) hereby authorized to sell said real estate, personal property and crops for cash, . . . (foreclosure provisions)." (Italics added.)

Upon consideration of the pleadings and records, the court ordered that the Commissioner disburse the Boswell share according to priorities as follows: *first,* pay the $700.00 plus interest secured by the deed of trust to Luke Lamb, Trustee, *second,* pay Williamson, on account of his mortgage, $400.00 plus interest; *third,* pay Renfrow-Lucas on account of its mortgage, $400.00 plus interest; *fourth,* pay Grice the amount of his judgment; and *fifth,* pay the balance, if any, to Boswell.

Williamson excepted and appealed, assigning as error the restriction or limitation of the amount secured by his mortgage to $400.00 plus interest.

*Lucas, Rand & Rose for Roney M. Williamson, defendant, appellant.*
*Gardner, Connor & Lee for Renfrow-Lucas Company, Inc., respondent, appellee.*

BOBBITT, J. The record does not disclose, by stipulation or otherwise, the facts necessary for decision. Issues of fact raised by the pleadings remain unanswered.

This Court declares the law as it relates to the facts of the particular case under consideration. A decision may be considered authority only within the framework of such facts. Dissimilarity as to a material fact may call for application of a different principle of law. *Light Co. v.*

*Moss,* 220 N.C. 200, 17 S.E. 2d 10. Hence, the Court will not give advisory opinions or decide abstract questions. *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532. Each decision of law is made in relation to specific determinative facts, established by stipulation or by appropriate legal procedure.

We note first that the record fails to disclose the amount available for distribution as the Boswell share. How much, if any, would remain available for distribution after payment of the $700.00 debt secured by the first lien deed of trust to Luke Lamb, Trustee? Would it be sufficient to pay more than $400.00 on account of the Williamson mortgage if it were determined that Boswell owed Williamson more than $400.00 and that such excess was secured by the mortgage? If so, would the debt to Williamson in the amount so established exhaust the fund and leave nothing for Renfrow-Lucas and Grice, or would Boswell alone be affected? These, and like questions, are not answered by facts stipulated or established. It is not our practice to decide causes where essential facts wander elusively in the realm of surmise.

The cause was presented to Judge Martin for decision solely on the basis of the pleadings and the records of the asserted liens. There was no waiver of jury trial. G.S. 1-184 *et seq.* If such was intended, no evidence was offered as a basis for findings of fact. Thus, the court was called upon to make rulings of law before the ultimate issues of fact had been determined. True, both Renfrow-Lucas and Boswell, in their answers, contend that the maximum amount for which the Williamson mortgage would constitute security, in any event, is the $400.00 debt described therein; but it is not admitted that Boswell is indebted to Williamson in the amount of $400.00, much less an amount in excess thereof. The allegations as to the debt due Williamson are denied both by Boswell and by Renfrow-Lucas. The amount of the debt, if any, owing by Boswell to Williamson has not been established.

Upon this record, the parties before us present arguments *pro* and *con* as to the validity of the "dragnet" provision in the Williamson mortgage. Appellant cites, in support of its validity, *Norfleet v. Insurance Co.,* 160 N.C. 327, 75 S.E. 937; *Milling Co. v. Stevenson,* 161 N.C. 510, 77 S.E. 676; *Edwards v. Buena Vista Annex,* 216 N.C. 706, 6 S.E. 2d 489. These cases concern the provision of a collateral form bank note, *e.g.,* as in the *Edwards case,* where it is provided that the maker has deposited described collateral security, "for the payment of this and any other liability or liabilities of the undersigned to said bank, or which may hereafter arise, whether due or not due, however arising or evidenced." We refer to these cases solely to point out that each was decided when the full facts as to the amount, origin and nature of the maker's "other debt to the bank" were stipulated or established; and each decision dealt with the

particular "dragnet" provision in relation to the particular facts. Reference to other decisions is sufficient to show that a different result may be reached when the exact facts of each case are considered. *Bank v. Furniture Co.,* 169 N.C. 180, 85 S.E. 381; *Newsome v. Bank,* 169 N.C. 534, 86 S.E. 499; *Powell v. McDonald,* 208 N.C. 436, 181 S.E. 277.

In *First Nat. Bank v. Corning Bank & Trust Co.,* 168 Ark. 17, 268 S.W. 606, the chattel mortgage described a debt, evidenced by note, and thereafter, in the defeasance clause, provided that on payment of the described note, "together with all other indebtedness which may be due" the mortgagee, the mortgage should be void. It was held that the mortgage secured the indebtedness evidenced by such note and additional advances, not indebtedness evidenced by prior notes. In relation to this particular "dragnet" provision, the Court took the view that, in the absence of a specific provision sufficient to show the contrary, the provision should not be construed as intended to cover any debt *outstanding when the mortgage was made* except the debt described therein.

In the later Arkansas cases of *Hendrickson v. Farmers' Bank & Trust Co.,* 189 Ark. 423, 73 S.W. 2d 725, and *Bank of Searcy v. Kroh,* 195 Ark. 785, 114 S.W. 2d 26, the rule adopted, as stated in the fourth headnote in the *Bank of Searcy case,* is as follows:

"A mortgage which is given to secure a specific debt named will not be extended to include antecedent debts unless the instrument so provides and identifies the antecedent debts in clear terms, and cannot be extended to cover debts subsequently incurred unless they are of the same class and so related to the primary debt that mortgagor's assent will be inferred."

Again, the Arkansas cases are referred to solely to point out the necessity that the full facts as to the amount, origin and nature of the mortgagor's "other debt to the mortgagee" be established before attempting to construe the "dragnet" provision.

Numerous cases from other jurisdictions, under the Annotation, "Debts included in provision of mortgage purporting to cover unspecified future or existing debts ('dragnet' clause)," are collected in 172 A.L.R. 1079.

Renfrow-Lucas takes the position that Judge Martin's order is not prejudicial to Williamson and should be affirmed. In support of this position the argument advanced is that the Williamson mortgage is void for uncertainty of description. *Holloman v. Davis,* 238 N.C. 386, 78 S.E. 2d 143, is cited as authority. Hence, the argument runs, since Judge Martin's order is more favorable to Williamson than he deserves, Williamson has no ground for complaint or appeal.

But this position of Renfrow-Lucas ignores two vital facts, viz.:

First, its answer admits that the Williamson mortgage is a valid lien, subject only to the deed of trust to Luke Lamb, Trustee. True, there is

no admission as to the amount of the debt; and it is alleged that, whatever Boswell may owe Williamson, the maximum debt for which the Williamson mortgage can be deemed security is the described debt of $400.00. Under this pleading, Renfrow-Lucas cannot on this appeal challenge the Williamson mortgage as void for uncertainty of description.

Second, the contention as to uncertainty of description is brought forward solely on the basis of the statement in the brief of Renfrow-Lucas to the effect that, while the Williamson mortgage purports to describe a tract of 31 acres in Black Creek Township, the lands sold in the partition sale proceedings consist of two non-contiguous tracts, one of 23 acres in Black Creek Township and the other of 8 acres in Cross Roads Township. The record before us does not show what lands were involved in the partition sale proceedings.

The court below was in error in ruling on the question of priorities when the ultimate issues of fact remained undetermined and when the facts as to the *origin* and *nature* of the alleged debt to Williamson (in excess of $400.00) was not disclosed. The result is that the proceedings will be remanded to the Superior Court so that the controverted and determinative facts may be established and rulings as to the law may be made in relation thereto.

Error and remanded.